UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

MONTGOMERY BLAIR SIBLEY,

                                  Plaintiff,                  Case # 25-CV-6154-FPG

v.

                                                                  DECISION & ORDER

MERIDIAN WILDLIFE SERVICES, LLC, *et al*.,

                                  Defendants.
───────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Montgomery Blair Sibley originally brought this action on February 5, 2025, in New York State Supreme Court, County of Schuyler, against Defendants Meridian Wildlife Services, LLC ("Meridian"), Deanna L. Fore, Eddie Maynard, Neill Haga, John Doe #1, John Doe #2, and Jane Doe #1. He brings claims under the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, and the United States Constitution. ECF No. 1-3 at 2. On March 21, 2025, Meridian removed the case to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331.[1] ECF No. 1. On March 24, 2025, Plaintiff moved to remand the case back to state court, arguing that the Notice of Removal was untimely. ECF No. 4. For the following reasons, Plaintiff's Motion to Remand (ECF No. 4) is DENIED.

## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Under 28 U.S.C. § 1331, a district court has original subject matter jurisdiction over removed cases

---

[1] According to the Notice of Removal, the other Defendants have not yet been served in this action. ECF No. 1 ¶ 5.

1

"arising under" federal law. A removed case "arises under" federal law "when the plaintiff's 'well-pleaded complaint' raises an issue of federal law." *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012) (quotation omitted). "At all times the party asserting jurisdiction bears the burden of proof that jurisdictional and procedural requirements have been met." *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006) (citing *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quotation omitted).

Under 28 U.S.C. § 1446(b)(1), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." "Defects in removal procedure, including lack of timeliness, are not jurisdictional." *Burr*, 478 F. Supp. 2d at 437. However, "the statutory time limit is mandatory . . . [and] absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Id.* (quoting *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)). Therefore, a defendant's failure to file within the thirty-day period requires remand back to state court. *Brooklyn Hosp. Center v. Diversified Info. Techs. Inc.*, 133 F. Supp. 2d 197, 200 (E.D.N.Y. 2001).

## BACKGROUND

Plaintiff brought the instant action in New York State Supreme Court, County of Schuyler, on February 5, 2025. ECF No. 1-3. In his complaint, he brings claims against Defendants related to Meridian's termination of his employment with the company. ECF No. 1-3 at 3–4. His claims are brought under the ADEA, the ADA, the New York State Human Rights Law, and the United States Constitution. *Id.*

On February 5, 2025, Plaintiff emailed Meridian's counsel about service of process in this action. ECF No. 4 at 6; ECF No. 9-2 at 4. Plaintiff attached a letter to that email, which read

> Please find attached a courtesy copy of the Complaint that I filed in the above matter today.
>
> Would you let me know by close of business on February 11, 2025, whether you are authorized and willing to accept service of the Complaint on behalf of all or some of the Defendants pursuant to CPLR 312A?

ECF No. 9-2 at 5. Meridian's counsel responded by email on February 11, 2025, stating, "[w]e agree to accept/waive service on behalf of the company. Can I let you know about the individuals by Thursday? I just need more time to figure that out." *Id.* at 3. On February 12, 2025, Meridian's counsel informed Plaintiff by email that

> We do not agree to accept service for the named individual defendants. As I mentioned, we do agree to accept/waive service on behalf of the company. Will you be sending me the waiver notice for that? I just want us to be clear on what date you served me on behalf of the company.

*Id.* at 4. Plaintiff responded, "I am putting in the mail today the CPLR 312a Statement to you for Meridian. I will serve the other defendants by other means." *Id.*[2]

According to Plaintiff, he mailed a copy of the summons and complaint to Meridian's counsel on February 13, 2025, and the United States Postal Service's tracking system indicated that it was delivered on February 15, 2025. ECF No. 4 at 4. On March 10, 2025, Meridian's counsel completed the Statement of Service by Mail and Acknowledgement of Receipt pursuant to N.Y. C.P.L.R. § 312-a on behalf of Meridian. ECF No. 9-3 at 2–3.[3]

---

[2] Plaintiff includes part of this email exchange as an exhibit to his Motion to Remand. *See* ECF No. 4 at 6. Meridian includes the entire email exchange as well as the letter attached to the initial email as an exhibit to its opposition. *See* ECF No. 9-2. Plaintiff does not dispute the authenticity of the email exchange or letter supplied by Meridian.

[3] Meridian has submitted the Statement of Service by Mail and Acknowledgement of Receipt as an exhibit to its opposition. ECF No. 9-3 at 2–3. Plaintiff does not dispute the authenticity of the document or the date it was completed.

3

On March 21, 2025, Meridian filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1441. ECF No. 1. Meridian maintains that the Court has original jurisdiction over this action under 28 U.S.C. § 1331, as some of Plaintiff's claims arise under federal law, and pendent jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. *Id.* at 2. Plaintiff now moves to remand the case back to state court, arguing that the removal was untimely. ECF No. 4.

## DISCUSSION

To remove an action to federal court, a defendant must demonstrate that the Court has subject matter jurisdiction over the action and that the procedural requirements for removal have been met. *Burr*, 478 F. Supp. 2d at 436. In this case, Plaintiff does not contest that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.[4] Instead, he argues that Meridian's Notice of Removal was filed more than thirty days after Meridian was served. ECF No. 4 at 4. Therefore, he argues that the notice is procedurally defective because 28 U.S.C. § 1446(b)(1) requires that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise." *Id.*

Specifically, he argues that the thirty-day clock for removal began to run on February 12, 2025, when Meridian's counsel emailed that she "agree[d] to accept/waive service on behalf of" Meridian. ECF No. 10 at 2.[5] Plaintiff maintains that the email exchange in which he sent the

---

[4] Nevertheless, "[i]t is common ground that in our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co. v. Housing Authority of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983). As such, the Court believes that it must briefly address the issue of subject matter jurisdiction. Plaintiff's complaint brings claims under two federal statutes, the ADEA and the ADA, as well as under the United States Constitution. ECF No. 1-3. Therefore, the Court concludes that it has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the complaint raises issues of federal law. *See Shinnecock Indian Nation*, 686 F.3d at 138. The Court also concludes that it has pendent jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367, as the claim is related to the federal law claims.

[5] As the Second Circuit has explained, "the commencement of the removal period [can] only be triggered by formal service of process, regardless of whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 202 (2d Cir. 2001). Therefore, to the extent that Plaintiff is raising an argument that the phrase "or otherwise" in 28 U.S.C. § 1446(b)(1) suggests that the thirty-day clock for removal can begin running before formal service, that argument is rejected.

summons, complaint, and request for counsel to accept service and in which Meridian's counsel stated that she accepted/waived service on behalf of Meridian constituted a binding agreement, which was not contingent upon another method of service. *Id.* at 3–4. Therefore, he argues that the clock for removal began running on February 12, 2025, when Meridian's counsel agreed to accept/waive service by email. *Id.* at 4. He also argues that the requirements of N.Y. C.P.LR. § 312-a are not relevant because service pursuant to that section was no longer necessary after Meridian's counsel accepted/waived service by email. *Id.* at 6. In the alternative, he argues that the thirty-day clock for removal began to run on February 15, 2025, when the complaint and summons were delivered to Meridian according to United States Postal Service's tracking system. *Id.* at 4.

Meridian argues that its Notice of Removal is timely because under N.Y. C.P.L.R. § 312-a(b)(1), service of process by mail, "is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender." ECF No. 9 at 6. In this case, Meridian's counsel signed and returned the Statement of Service by Mail and Acknowledgement of Receipt on March 10, 2025. *Id.* Therefore, Meridian argues that contrary to Plaintiff's assertion that service was complete on either February 12, or February 15, 2025, service was not complete until March 10, 2025. *Id.* Consequently, Meridian argues that its Notice of Removal was timely because it was filed on March 21, 2025, less than thirty days after service was completed. *Id.*

While Plaintiff is correct that email agreements between counsels to accept service can constitute binding agreements, triggering the thirty-day clock for removal, that is not the case here. *See Nguyen v. American Express Co.*, 282 F. Supp. 3d 677, 681 (S.D.N.Y. 2017). For an email exchange to trigger the thirty-day removal window, the exchange must constitute an enforceable contract under New York law. *Id.* Under New York law, a "preliminary agreement contingent on and not intended to be binding absent formal documentation," is not enforceable while a "binding

5

agreement that is nevertheless to be further documented" is enforceable. *Id.* (quotation omitted). Thus, email exchanges between counsels to accept service can constitute binding agreements triggering the thirty-day removal window so long as the exchange's language suggests that the agreement is not contingent on other factors. *Id.*; *McDaniel v. Revlon, Inc.*, No. 20-CV-3649, 2021 WL 2784548, at * 3 (S.D.N.Y. July 2, 2021). Conversely, if the exchange's language suggests that the acceptance of service is contingent on some other factor, then the email exchange is not an enforceable agreement triggering the thirty-day removal window. *See id.*

Here, the language of the email exchange demonstrates that the agreement was contingent on other factors and was not itself an agreement to accept/waive service. In his February 5, 2025 letter, Plaintiff asked Meridian's counsel if she was "authorized and willing to accept service of the Complaint on behalf of all or some of the Defendants pursuant to CPLR 312A?" ECF No. 9-2 at 5. On February 11, 2025, Meridian's counsel told Plaintiff that she would accept/waive service on behalf of Meridian. *Id.* at 3. And the next day, she informed him that she would not accept service for the other defendants but reiterated that she would accept/waive service on behalf of the company. *Id.* at 2. She concluded that email by asking "[w]ill you be sending me the waiver notice for that? I just want us to be clear on what date you served me on behalf of the company." *Id.* Plaintiff responded, "I am putting in the mail today the CPLR 312a Statement to you for Meridian. I will serve the other defendants by other means." *Id.* Thus, the exchange's language demonstrates that Meridian's counsel's acceptance of service on behalf of the company was contingent upon Plaintiff serving counsel pursuant to N.Y. C.P.L.R. § 312-a. Accordingly, the thirty-day window did not start on February 12, 2025, because the email exchange itself was not binding.

As for Plaintiff's alternative argument that the thirty-day period for removal began running on February 15, 2025—the date in which the summons and complaint were delivered to Meridian's

6

counsel—that argument also fails. Under N.Y. C.P.L.R. § 312-a(b)(1), service of process by mail "is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender," so long as the signed acknowledgement is returned within thirty days of when the defendant received the unsigned Statement of Service by Mail and Acknowledgement of Receipt from plaintiff. As discussed above, the agreement between the two parties was for Meridian's counsel to accept service pursuant to N.Y. C.P.L.R. § 312-a. Under that agreement and N.Y. C.P.L.R. § 312-a, service was not complete until Meridian returned the Statement of Service by Mail and Acknowledgement of Receipt. Meridian did so on March 10, 2025, which was less than thirty days after receipt of the acknowledgement on February 15, 2025. Therefore, the thirty-day window for removal was not triggered until service was complete on March 10, 2025. *See Mogul v. N.Y. Pub. Radio, WNYC*, No. 21-CV-5882, 2022 WL 814356, at *4 (S.D.N.Y. Mar. 17, 2022) ("Under [the agreement between the parties] and CPLR § 312-A, service was not complete – and the removal clock did not begin to run – until Defendants timely returned the Acknowledgement of Receipt to its sender."). As Meridian filed its Notice of Removal on March 21, 2025—less than thirty days after the completion of service on March 10, 2025—its Notice of Removal was timely, and remand is not warranted on this ground.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 4) is DENIED.

IT IS SO ORDERED.

Dated: May 20, 2025
Rochester, New Yok

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

7